### E. & H. T. ANTHONY CO. v. GENNERT.

(Circuit Court of Appeals, Third Circuit. April 24, 1901.)

#### No. 2.

PATENTS—INFRINGEMENT—PHOTOGRAPHIC SHUTTERS.

The Green patent, No. 362,211, for a photographic shutter, consisting of two pairs of wings, construed, and *held* limited to such an attachment of the wings that, when opened, the members of each pair fold back into the case side by side, and, as so limited, *held* not infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Edmund Wetmore, for appellants.

S. L. Moody, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUFFING-TON, District Judge.

BUFFINGTON, District Judge. In this case the circuit court for the district of New Jersey, finding noninfringement, dismissed a bill brought by the appellants against Gottlieb Gennert, charging infringement of the first claim of patent No. 362,211, granted May 3, 1887, to George F. Green, for a photographic shutter. 99 Fed. 95. Such action is here assigned for error. The patent in suit was for an improvement upon a shutter shown in Green's prior patent, No. 342,693. In the earlier patent, two sectional wings, large enough to overlap each other's edges, were pivoted at the lower side of the frame. By certain pneumatic mechanism, connections, locks, and counterweights, not necessary to here specify, the two sectional shutters were drawn towards each other, locked to prevent recoil, and overlapped each other, and the edge of the lens opening as well, so as to exclude light. In such device each sectional shutter was wider than half the lens opening, and a correspondingly wide space for side storage, clear of the lens opening, was provided at each side. It will thus be seen the width required for storage was greater than that for lens opening. The patent in suit provided means for lessening the side storage space required, and permitted use of a large lens. This

was done by subdividing each sectional shutter into two parts, and storing the two subdivisions side by side. Thus the patentee says:

"In my patent of May 26, 1886, there were two wings pivoted to the frame. Necessarily, said wings were each more than half the diameter of the lens, and the whole width required for the shutter was more than twice the diameter of the lens opening. By dividing each wing—that is to say, by making four wings instead of two—I am enabled to reduce the whole width required to considerably less than double the diameter of said opening."

Such being the case, the patentable novelty would seem to lie in the means employed to adapt the four parts, rather than in the subdivision of a two-part shutter into four parts. Accordingly we find in the claim, which is for "a photographic shutter provided with four wings, A, A, B, B, overlapping each other, and having different ranges of movement, whereby they are enabled to fold back into the case side by side, substantially as set forth," a designation of four specified wings limited to certain specified mechanical operations. The "four wings, A, A, B, B," are specific elements of the claims. The patent specifically describes them, viz.: "A, A, are the outer, or short-stroke, wings, * * * pivoted * * * one on each side of the median line. * * * B, B, are the inner, or long-stroke, wings, * * * pivoted on the median line of the aperture, and midway between the pins" on which A, A, are pivoted. The claims describe the wings as "overlapping" each other, and the specification shows that this is an overlapping to exclude light, and takes place when the shutter is closed. Thus, referring to wings A, A, the specification says, "The outer or back edge of said wing is curved, but with a larger radius than the aperture, so that, when closed, said wing will lap over and past the edge of the aperture." So, also referring to wings B, B, and manifestly from the context and language used, in the closed position "they overlap the wings A, A, at their back edges, and overlap each other at their middle or inner edges." The wings are further described as "having different ranges of motion." Of these ranges one is specifically described; the other is implied. Those specified are the short and long stroke of the wings, caused by their respective median and nonmedian pivoting. Thus the specification says: "The wings A, A, are pivoted one on each side of the median line. By this means the outer wings, A. A, only a little more than half close the aperture, and therefore do not require a movement much in excess of one-fourth the aperture." The pivot for the long-stroke wings, B, B, as we have seen, is on the median line. "The center of motion for the larger or outer wing, A, is placed at one side, because said wing has a less distance to move than wing B." That the wings have different ranges or motion, in that they travel on different vertical planes, is not explicitly, but impliedly, expressed in the statement that, when closed, the wings overlap each other, and "when the shutter opens the wings B, B, close back in the same space occupied by the wings A, A." These different ranges of movement, caused by median and nonmedian pivoting, and by the different vertical planes of travel, are such, in the limitation of the claim, "whereby they [the wings] are enabled to fold back into the case side by side." The mode of operation thus described by the

patentee is caused by three elements: First, the wings are all pivoted on one side of the lens opening; second, they have different centers of motion, arising from median and nonmedian pivoting; third, the wings co-act, by means of pins and slots, with each other, to effect long and short strokes. It will thus be seen that the only device disclosed by the patent is one where the means and relations suggested result in the functional limitation that the wings "are enabled to fold back into the case side by side." In the respondent's device we find four sectional wings, but in different relations to each other from those of the patent in suit. One set of wings is pivoted at the upper and one at the under side of the lens opening. Both sets have nonmedian centers of motion. The wings do not move by engaging each other, and effect the functional result incident to every sectional shutter, viz. exclusion of light; but when they open to admit light they do it in a wholly different way from the patented device. The sets of wings, instead of folding back into the case side by side, withdraw from each other to the four corners. Both pivoting and relation of parts are such that the wings cannot fold back into the case side by side, and effect the expressed purpose of the patent, viz. "when the shutter opens, the wings B, B, close back in the same space occupied by the wings A, A." To ignore the express functional limitation of the claim, viz. "whereby they are enabled to fold back into the case side by side," would be to create a new claim; not interpret the one granted. The court below rightly held there was no infringement. The decree is therefore affirmed.