## MASSETH v. LARKIN et al.

### (Circuit Court W. D. Pennsylvania. September 24, 1901.)

**1. PATENTS—CONSTRUCTION OF CLAIMS.**

An express functional limitation in a claim cannot be ignored in its construction to determine infringement.

**2. SAME—INFRINGEMENT—DEEP-WELL PACKER.**

The Masseth patent, No. 439,166, for a packer for deep wells, claims 1 and 2, construed, and *held* not infringed.

In Equity. Suit for infringement of patent. On final hearing.

Bakewell & Bakewell, for complainant.
Kay & Totten and George H. Christy, for respondents.

BUFFINGTON, District Judge. Benjamin Masseth files this bill against William H. Larkin et al., charging infringement of claims 1 and 2 of patent No. 439,166, granted to him on October 28, 1890, for a packer for deep wells. A statement of the general art involved will be found in Masseth v. Palm (C. C.) 51 Fed. 824, and of the particular device disclosed by this patent in Masseth v. Palm (No. 18, May term, 1891). The validity of Masseth's patent is not questioned, but infringement is denied. After careful consideration, we are of opinion this defense must be sustained. In the combination of each claim we find the element of "arms adapted to engage with the sides of the hole, and to hold the casing to afford resistance to the packer." Engagement of the arms with the well sides was by bowed springs on the outer arm side. The functional purpose of these springs was twofold. One is specified in the patent, viz.:

"When it is desired to expand the packer, the casing is lifted somewhat, and the friction of the springs, 8, against the sides of the hole causes the casing to rise within the collar, 6, and the ends of the arms, 7, to draw out from the grooves."

The other is set forth in the opinion of this court in the case noted above in discussing the device infringing this patent, viz.:

"The wedge arms are normally in loose engagement with the well walls by the outward spring of their upper ends, instead of by leaf springs on the wedge arms, as in the Masseth and Black devices. It is this normal engagement in all three with the well walls which affords the purchase or base by which the ring and wedge arms are kept in one position while the casing is moved within them and the apparatus locked or unlocked."

Now, in respondent's device we not only find no arms such as are specified, but we further find an entire absence from the device anywhere of one of the functions effected by the springs. Moreover, while the other function is used, it is in a different manner, and in combination with different means. The arms of the respondent have no springs, and they do not normally engage the wall sides. Respondent's device does not involve the mere absence of springs on the arms, but its construction is such that if springs were placed on the arms they would make the packer inoperative. Owing to this functional wall engagement, the slips in Masseth's device had to be positively restrained or locked, and this necessitated another element in the combination, viz. "a lock for holding said arms." In the respondent's device the arms are on a loose ring, and not only is no "lock for holding said arms" provided, but independently and of themselves they normally remain out of operative relation. Then, too, as to the other function of the Masseth bowed springs on the arms, viz. as a "purchase or·base by which the ring and wedge arms are kept in one position while the casing is moved within them and the apparatus locked or unlocked," while it is made use of in principle in the respondent's device, it is used in a way substantially different. In the latter, bowed springs in loose engagement with the well walls are mounted on a sleeve which internally engages with the casing by screw threads. When the casing is turned, the

ring and wedge arms are free to turn with it. Such turning of the ring and wedge arms was prevented in Masseth by the wall engagement of the bowed springs. It is obvious, therefore, that packing—the desired result in both—must be secured by different means. The bowed springs of respondent's device serve to prevent the sleeve responding to the turn of the casing, but cause it to mount on the screw thread and push the loose arm-carrying ring into engagement with the well walls. While the result obtained is the same, we think the means by which such result is accomplished are mechanically diverse. In Masseth we have bowed springs mounted on the arms and in normal engagement with the well walls. We find such functional engagement, thus secured by springs mounted on the arms, essential to the operation of his device. We find his spring arm positively held from responding to such frictional engagement by a controlling lock. We find, when the arms are free to respond to their own frictional relation, packing necessarily results when the casing is lowered. In Larkin we find no bowed springs on the arms, and, if placed there, that they would make the device worthless. We find no lock restraining the movement of Larkin's arms. We find, further, if the ring carrying Larkin's arms were attached to the mechanism which communicates motion to it, the device would not be operative. The lock of Masseth's device freed the spring arms (the words of the patent are, "so as to disengage the spring clamps and to free them"), and permitted them to do that which they were able to do by virtue of their own construction, namely, to mount the cone by friction. In Larkin's device we find no such releasing lock, and the arms mount the cone, not by any inherent capacity, but are forced to do so under stress of a power exerted upon them by the lower sleeve. In Masseth, cone mounting results from a spring arm plus an enabling functional capacity, which is made an element of the claim, viz. arms "adapted to engage with the sides of the hole." In Larkin we have an arm minus such functional capacity. In Masseth we have latent functional power positively restrained by a lock. In the other no such power exists. In Masseth the lowering of the casing, in Larkin the turn of the casing, spreads the grips. We are therefore of opinion that by the use of the combination of the loose, independent, non spring-bowed arms, the lower actuating sleeve, in screw-threaded engagement with the casing, Larkin has reached the same result as Masseth, but by a different mechanical path. To ignore the express functional limitation of the claim, viz. "arms adapted to engage with the sides of the hole," would be to create a new claim, not interpret the one granted. Anthony Co. v. Gennert (C. C. A.) 108 Fed. 396. Let a decree be drawn dismissing this bill.