### KELLEY et al. v. CITY OF SYRACUSE et al.

District Court, N. D. New York.

Nov. 5, 1929.

Sutherland & Dwyer, of Rochester, N. Y., and Samuel E. Darby Jr., of New York City, for plaintiffs.

Charles Neave and H. R. Ashton, both of New York City, and A. H. Cowie, of Syracuse, N. Y., for defendants.

COOPER, District Judge.

This is a suit by the plaintiffs against the defendants for infringement of patent and injunction. The patent in suit is known as the Kelley patent, No. 1,132,186, for "traffic signaling system." Patent was applied for on December 29, 1913, and granted on March 16, 1915. The plaintiffs are the patentee and his exclusive licensee. The defendants are the city of Syracuse, N. Y., in which the alleged infringing signaling system has been installed, the Crouse-Hines Company, which manufactured the system, and the Syracuse Lighting Company, which installed it and furnishes the electric current for its operation.

348

The bill of complaint charges that so much of the traffic signal system in the city of Syracuse as operates within a certain limited area, and only in cases of emergency, is an infringement of the plaintiff's patent.

The defendant contends that the patent is limited in scope to a signal system which points out a particular selective or directional path for fire apparatus or the like and, thus construed, the defendant city of Syracuse has no such signal system and plaintiff's patent is not infringed.

Defendant also contends that if not so limited and even if so limited, defendant's patent is invalid by reason of the prior art, also because of prior public use.

The claim of the patent upon which plaintiff sues is claim No. 1, which is as follows:

"A traffic signaling system comprising a plurality of signals distributed in the streets of a city, the distance between signals being such that one of them will be effective as a signal at any point between any two proximate signals; and means for operating the signals to point out a path for fire apparatus or the like."

The history of plaintiff's application for patent as disclosed in the file wrapper seems to support defendant's contention that plaintiff's patent is limited to a signal system which points out a directional path for fire apparatus. The patent examiner cited most of the patents in the record in this case as prior art and stated that they disclosed a signal system similar to that of the plaintiff. After referring to such patents, the examiner said:

"These references are believed to fully anticipate applicants system except for the new use set forth by certain of the claims, in pointing out a directional path for fire apparatus, as in claims 1 and 2, which are therefore believed to be directed to patentable subject matter and allowable."

Claims 3 to 8 in the original application did not contain the limitation as to new use referred to by the examiner and were rejected. The applicant thereupon filed an amendment by which he inserted in each of these rejected claims the words "to point out a path for fire apparatus or the like." The patent was then allowed, containing nine claims, all of which express this limitation, except claim 9, which is not here involved. The defendant contends that by inserting this limitation in claims 3 to 8, the patentee accepted a patent with its scope so limited.

Plaintiff asserts that the statements of the examiner relating to the "new use set forth by certain of the claims in pointing out a directional path for fire apparatus" are in the nature of obiter dictum on the part of the examiner and were not necessary for his decision and plaintiff is not bound thereby. Plaintiff concedes, however, that so far as this suit is concerned, claim 1 is to be construed as providing for a street signaling apparatus which points out a path or route over which the fire apparatus is to travel. Even if plaintiff did not so concede, claim 1 of the patent must be so construed under such authorities as Thomson Meter Company v. National Meter (C. C.) 106 F. 519; Anthony Company v. Gennert (C. C. A.) 108 F. 396 and Freeman Electric Co. v. Weber Electric Co. (C. C. A.) 262 F. 769; Lektophone Corporation v. Sylo Lighting Fixture Co. (C. C. A.) 16 F.(2d) 7.

Plaintiff asserts that even with his claim thus limited and construed the defendant's signal system in the city of Syracuse infringes claim 1 of the patent.

The facts with reference to the Syracuse signal system are contained in the stipulation. It is stipulated that the area controlled by these signals comprises the principal business district of the city. This district is crossed by the tracks of the New York Central Railroad and also by those of the Delaware, Lackawanna & Western Railway Company. Signals for the operation of the system were originally placed at thirty-four enumerated street intersections. Since the original installation, signals have been installed at nine additional street intersections.

These signals are located on approximately thirty streets of the business section of the city and comprise a substantial area. For normal regulation of traffic each of these signals is provided with three colored lenses, one red, one green, and one amber, with separate illuminating lamps for each lens. An eight-inch vibrating bell is also provided for these intersections and at some intersections there are two bells at diagonally opposite signals. The red light signals the traffic to stop and the green light to go. Under ordinary traffic conditions the red lights are displayed north and south and the green lights east and west, and vice versa.

Under both normal traffic control operation and emergency operation all the signals throughout the entire control area are simultaneously operated so that during a normal traffic control operation all normal traffic

on north and south streets in the entire control area is permitted to move, while that on east and west streets is stopped at the street intersections and vice versa.

The system is controlled from the tower at South Salina and East Water streets, as shown in the photograph in evidence. About two blocks from the control tower in the fire headquarters in the city hall is located another emergency switch which is operated by an attendant in case of fire or in case of emergency. The switch at both stations when closed for emergency operation lights the red lights only, in all the signals at all the intersections throughout the entire controlled area and also rings the bells. An indicator lamp and buzzer connected to the local source of energy at that point serves as a reminder to the attendant that the emergency switch is closed. Numerous details for regulation of normal traffic and in emergency are contained in the stipulation which it is not necessary to state for the purposes of this case.

It is clear, therefore, that in the defendants' traffic signal system in Syracuse, when a fire occurs and the emergency switch is operated, all the red lights in all directions are lighted at all these forty-three signals in these thirty streets and the bells are also rung at the same time.

There is no provision for selective operation of the signals of the Syracuse system. All signals can be operated only at one time as a unit.

It is evident, therefore, that no path is pointed out to the driver of the fire apparatus or other like emergency vehicle. Instead, therefore, of having red lights displayed along a certain street or streets indicating to the operator over what route he shall go to reach the fire, all other streets being subject to normal traffic control, with the red, amber, and green signals, the operator of the fire apparatus is faced with the red lights in all directions. No path is outlined to him and he must himself select the route. That this is so plaintiff's expert witness was substantially compelled to admit. The expert testified:

"Of course, I recognize that with the system used in Syracuse, the emergency operation does not point out a single path but points out six paths, leaving the selection of the path to the driver of the vehicle."

The context shows that the witness mentioned six paths because there were about six routes through or over this control area in most directions in which a fire could occur. This witness further admitted that in the Kelley patent the operator of the signal system selects the route for the driver of the fire engine, whereas under the Syracuse system, the fire engine driver has to select one of the six paths.

It is reasonably clear, therefore, that the Syracuse system does not have the distinguishing feature of claim 1 of the Kelley patent: "Means for operating the signals to point out a path for the fire apparatus."

Plaintiffs' counsel conceded on the argument, as he was forced to do, that if the court found that the Syracuse system could not be held to be a system for pointing out a particular route, there was no infringement. The court is compelled to find such fact, and it follows, therefore, that there is no infringement in this case.

It is therefore not necessary to pass on any of the other defenses raised by the defendant.

A decree may be entered dismissing the bill of complaint.