**KELLEY et al. v. ATLANTIC CITY et al.** *
E–4391.

District Court, D. New Jersey.
June 16, 1936.

*Decree affirmed 89 F.(2d) 659.

Whittemore & McLean, of Elizabeth, N. J., and Harold E. Stonebraker, of Rochester, N. Y., for plaintiffs.

Anthony Siracusa, of Atlantic City, N. J., and Henry R. Ashton, of New York City, for defendants.

AVIS, District Judge.

A patent, involving a street signaling apparatus, and issued to plaintiff Elmer W. Kelley, is the basis of this action. No question is raised as to the right of the plaintiffs to institute the action. The defendants challenge the validity of the patent and deny infringement. The patent in question is No. 1,132,186, dated March 16, 1915, issued upon an application filed December 29, 1913. In the application the purpose and object is stated as follows: "The present invention relates to traffic signaling systems and an object of the same is to provide a system by which signals may be given along any street or streets of a city for the purpose of pointing out the route which is to be taken by the fire apparatus, ambulances or other vehicles requiring that the traffic be cleared or stilled during the passage of such vehicles."

The plaintiffs rely upon the allegation that defendants have infringed claim No. 1, reading as follows: "A traffic signaling system comprising a plurality of signals distributed in the streets of a city, the distance between the signals being such that one of them will be effective as a signal at any point between any two proximate signals, and means for operating the signals to point out a path for fire apparatus, or the like."

As to the scope of the patent, the court has had the benefit of an examination of the file wrapper which was offered in evidence, and from that it appears that in the original application claims 1 and 2, in describing the object of the patent, contained the words "to point out a path for fire apparatus, or the like." Claims 3 to 10, inclusive, did not contain this clause. After the application was filed, the Examiner in the Patent Office communicated with the attorney for the applicant, directing his attention to the fact that certain claims were fully anticipated by patents already outstanding "except for the new use set forth by certain of the claims in pointing out a directional path for fire apparatus as in claims 1 and 2 which are therefore believed to be directed to patentable subject matter and allowable."

Claim 9 was allowed, and claim 10 rejected as being anticipated. Claim 9 as allowed did not contain the words "to point out a path for fire apparatus, or the like." Whether this was an oversight or intentional, does not clearly appear, but, however this may be, I conceive that the patent was allowed and issued only upon the understanding that these words restricted and limited the scope of the invention, and that the patent is controlled by this specification. The patentee accepted the suggested amendment and the issue of the patent followed. Having accepted the limitation and acquiesced in the rejection of the broader claims, the patentee cannot now take advantage of the fact that in one of the claims the words narrowing the claims of the application were omitted.

Anticipations by issuance of sundry prior patents, and prior uses in various cities of the United States are set up by defendants in their attack upon the validity of the patent. As the court views the situation, it is not required that any decision should be rendered as to the validity of the patent, because of its conclusions as to infringement.

The scope of the patent is limited and restricted by the wording of the claims as to directional path; whether, under the patent, the signals are to be controlled individually or in groups is not important. It is, in my opinion, required, however, that the signals to be given must be along the reasonable or probable route of the fire apparatus, or the like.

Atlantic City is so laid out that it has four main arteries of travel, running east and west, all approximately parallel with the beach line of the Atlantic Ocean, intersected by numerous cross-avenues. The main avenues are from 3 to 4 miles in length, and at practically all cross-streets and intersections is erected a traffic light, containing three reflectors showing the colors red, amber, and green in a single installation. These lights are so arranged that when traffic is halted on

the main avenues by the red light, the green is displayed on the cross-avenues, and traffic proceeds either north or south. When green is displayed on the main avenues, the red shows, and stops traffic on the cross-avenues. The amber is the middle light, and, when displayed, shows in all directions, stopping all vehicular traffic, and permitting pedestrians to cross in any direction. For controlling traffic, permitting fire apparatus to proceed from the fire house to the scene of a fire without interference, the system has been so designed that at a central station the operator may cut out all of the lights on the entire length of either of the main avenues and display flashing amber lights to stop all traffic along that particular avenue and on all cross-avenues within the area. The control by the operator will permit these flashing signals on one, or simultaneously on two, three, or four of the main avenues, affecting all cross-avenues where the flashing signals appear.

This system the plaintiffs claim infringes the patent in suit. I am convinced that there is no infringement. The limitations and restrictions of the patent cannot extend its operation beyond the provision that the signals must "be effective * * * between any two proximate signals," and be intended "to point out a path for fire apparatus, or the like."

While this limitation may not require that the signals must show the direction from which the apparatus is approaching, and its definite destination, it certainly necessitates that the signaling device shall be reasonably circumscribed to the immediate district of the path of the fire apparatus.

The principle of adjusting lights or electric signals in circuits is not new; such arrangement is within the knowledge of any properly trained electrician. No inventive genius or discovery appears to be required, in order to arrange the circuits as used in Atlantic City, by combining the signals for the full length of the main avenues and controlling same at a central or common point.

The patent in question has heretofore been in litigation.

In the case of Kelley v. City of Syracuse, 47 F.(2d) 347, 348, the United States District Court for the Northern District of New York, held that the patent was confined to a signaling system "which points out a path or route over which the fire apparatus is to travel," and that a system of signals, as operated in Syracuse, which caused the red light to be displayed over a given area, regardless of the path to be used by the apparatus, did not infringe the Kelley patent.

This decision was affirmed in the Circuit Court of Appeals for the Second Circuit by per curiam opinion, in 47 F. (2d) 349.

Another case involving the validity of the patent and the question of infringement is Kelley v. City of New York (D. C.S.D.N.Y.) 58 F.(2d) 831, wherein it was also determined that the patent was limited to signals pointing out a path for fire apparatus or the like. The facts in that case did not bring the defendant within the operation of the patent, and the bill was dismissed on the merits.

This case was affirmed, per curiam, in (C.C.A.) 63 F.(2d) 1007, and certiorari denied by the Supreme Court in 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed. 554.

I find as facts:

(1) Assuming the patent to be valid, which I am not determining, it is restricted and limited to the operation of signals "to point out a path for fire apparatus. or the like."

(2) That the system adopted by, and in use in, Atlantic City, does not infringe the patent of plaintiffs, because it cannot be operated "to point out a path for fire apparatus, or the like."

Conclusions of law:

It being found as a fact that there is no infringement, the plaintiffs are not entitled to any relief or decree.

No testimony was produced in any way involving the defendant Harry Bacharach, and because of such failure of proof, the bill, as to him, will be dismissed, with costs.

Upon the findings of facts and the conclusions of law, the bill, as to the defendant Atlantic City, will also be dismissed, with costs.

Decrees of dismissal should be presented promptly.